FILED
 2007 Mar-06  PM 04:48
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **JUDY L. PRITCHETT,** | ) |
| | ) |
|     **Debtor/Appellant,** | ) |
| | ) |
| **v.** | ) **Case No.: 1:06-CV-4781-VEH** |
| | ) |
| **CAPITAL ONE BANK,** | ) |
| | ) |
|     **Appellee.** | ) |

## **MEMORANDUM OPINION**

### I.  INTRODUCTION

Pending before the court is Judy L. Pritchett's ("Pritchett") Notice of Appeal (Doc. #1) relating to the bankruptcy court's order entered on September 7, 2006, overruling Pritchett's objection to claim number 1 of Capital One Bank ("Capital One"), and its subsequent order on September 15, 2006, denying Pritchett's motion to reconsider (collectively, both rulings are hereinafter referred to as the "Denial Order").  Capital One has not filed any brief in response to Pritchett's appeal, and this court's review of the bankruptcy court's Denial Order is ripe for a decision.  For the reasons explained below, the bankruptcy court's Denial Order is due to be affirmed, and Pritchett's appeal is due to be dismissed.

## II.    STANDARD OF REVIEW

"In reviewing a bankruptcy court judgment as an appellate court, the district court reviews the bankruptcy court's legal conclusions *de novo*. The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous, and give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." *In re Englander*, 95 F.3d 1028, 1030 (11th Cir. 1996). "A bankruptcy judge abuses his discretion if he fails to apply the correct legal standard or his factual findings are clearly erroneous." *In re Celotex Corp.*, 227 F.3d 1336, 1138 (11th Cir. 2000).

## III.   RELEVANT BACKGROUND

### A.    Issue

The issue before this court is whether the bankruptcy court abused its discretion in determining that claim number 1 filed by Capital One is an account stated in a Chapter 13 bankruptcy proceeding. (*See* Doc. #4 at 1("Whether or not Claim Number 1 as filed by Capital One Bank is an account stated or an open account and when does the Statute of Limitations begin to run.")).

### B.     Findings of Fact[1]

The facts necessary to decide this issue are not disputed. Pritchett filed a Chapter 13 bankruptcy case (No. 06-40077) on January 20, 2006. Capital One was listed as one of Pritchett's creditors in the Chapter 13 proceedings.

On February 2, 2006, Capital One filed a claim in the amount of $9,236.99. On July 21, 2006, Pritchett's counsel filed an objection to the claim as "not due and owing" for running of statute of limitations reasons.

The bankruptcy court held a hearing on Pritchett's objection on September 5, 2006. Pritchett testified during the hearing that she had obtained a credit card with Capital One and that she made her last payment on the account approximately four (4) years prior to her Chapter 13 bankruptcy filing in January 2006. Pritchett further testified that she had not received a statement from Capital One in approximately three and one-half (3 1/2) years. Capital One did not appear at the hearing through counsel or otherwise.

In its Denial Order, the bankruptcy court ruled that Capital One's claim number 1 met the definition of an "account stated." Pritchett takes issue with this particular determination by the bankruptcy court.

---

[1] The court takes the following statement of facts from Pritchett's Statement of the Case. (Doc. #4 at 2).

**IV.   ANALYSIS**

In conducting a *de novo* review of the Denial Order, the court concludes that the bankruptcy court did not commit an abuse of discretion in overruling Pritchett's objection to classifying Capital One's claim number 1 as an account stated in her Chapter 13 bankruptcy case. Before reaching this particular issue, this court addresses the bankruptcy court's determination as to the validity of the debt generally.

**A.   Pritchett's Objection Relating to Lack of Backup Pertaining to Capital One's Claim**

As it pertains to Capital One's proof of claim in the amount of $9,236.99, the bankruptcy court's Denial Order explains that it "has routinely held that Bankruptcy Rule 3001 creates a presumption of validity for a proof of claim." (*See* Debtor's Record on Appeal at Doc. #2 at 1). The bankruptcy court also notes "that the failure to attach [supporting] documents as required by Rule 3001 is not, by itself, grounds for disallowing an unsecured credit card claim." (*Id.* (citing *In re Moreno*, 341 B.R. 813, 816-17 (Bankr. S.D. Fla. 2006) (If the documents are too voluminous, the creditor may attach a summary.")). The bankruptcy court then casts doubt upon Pritchett's tactic of objecting to an undisputed scheduled claim and further clarifies that:

> [B]ecause Capital One did attach a Statement of Account to its proof of claim which summarized the $9,236.99 owed by the Debtor and because

>the Debtor admitted liability of at least $8,945.31, then the Court will not sustain the objection to the claim on the grounds that "the claim is not due and owing and there is no backup."

(Debtor's Record on Appeal at Doc. #2 at 2). This court sees no error committed by the bankruptcy court in overruling Pritchett's validity objection.

### B. Pritchett's Objection Pertaining to Account Stated Status

After satisfying itself as to the general validity of the Capital One debt, the bankruptcy court, relying upon *Calvary v. Ayers*, 876 So. 2d 474 (Ala. 2003), explains the differences between an open account and an account stated in its Denial Order. (Debtor's Record on Appeal at Doc. #2 at 2-3). "An open account is established if there is evidence that money, intended as a loan, was delivered to the defendant (debtor), and it has not been repaid." (*Id.* at 2). On the other hand, "[a]n account stated is proved by *prima facie* evidence when[:]"

>(1) a statement of the account between the parties is balanced and rendered to the debtor; (2) there is a meeting of the minds as to the correctness of the statement; and (3) the debtor admits liability (express or implied).

(*Id.* at 3). As it pertains to the second and third elements, the bankruptcy court notes in its order denying Pritchett's motion for reconsideration that those elements "can be implied if the debtor fails to object within a reasonable time after the account statement is rendered." (Debtor's Record on Appeal at Doc. #4 at 2).

The bankruptcy court then explains the reasons why it concludes that the Capital One debt is properly treated as an account stated including (1) Pritchett's admission that she received monthly credit card statements from Capital One; (2) her admission that she "continued to make payments without disputing that she owed the debt[;]" and (3) her admission, through her bankruptcy schedules, that she owes the Capital One debt. (*Id.* at 3).[2] In further support of its decision, on reconsideration the bankruptcy court points out that Pritchett never indicated when testifying that the statements she received from Capital One were somehow deficient or significantly dissimilar from what one would normally expect to receive in the ordinary course of consumer financing relationships so as not to properly qualify as "a rendering of the statement of account." (Debtor's Record on Appeal at Doc. #4 at 3). In light of this undisputed evidence, the bankruptcy court did not commit legal error in concluding that Pritchett had a valid account stated (as opposed to an open account) with Capital One.[3]

---

[2]Because of the bankruptcy court's determination that Pritchett had an account stated with Capital One, she was unable to prevail on her statute of limitations defense, which was based upon an open account analysis, which has a three (3) year limitation period as generally measured from the last activity on the account or when the account is expressly due. *See* Ala. Code § 6-2-37(1) (1975). An account stated has a six (6) year statute of limitations. *See* Ala. Code  § 6-2-34 (1975).

[3]None of the cases cited by Pritchett in her appeal alter the court's assessment that the bankruptcy court is *de novo* correct in its Denial Order. In particular, the

## V.   CONCLUSION

In sum, the bankruptcy court did not commit legal error in overruling Pritchett's objection to its treatment of Capital One's debt as an account stated. Accordingly, the bankruptcy court's Denial Order is due to be affirmed, and Pritchett's appeal is due to be dismiss. The court will enter an order that is consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this 6th day of March, 2007.

*/s/ VEHopkins*
**VIRGINIA EMERSON HOPKINS**
**United States District Judge**

---

court notes that not one of the decisions addresses the nuances of a consumer revolving credit financing relationship, such as the type that existed between Pritchett and Capital One.